UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED T. RHUMA, ET AL., | No. 2:13-cv-2286 LKK AC PS |
| Plaintiffs, | |
| v. | ORDER AND |
| STATE OF LIBYA, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

On February 28, 2014, the undersigned recommended that the first motion for default judgment be denied without prejudice due to numerous inadequacies in the motion. ECF No. 14. Plaintiffs have now filed a second motion for default judgment. ECF No. 15. This matter is before the court pursuant to Local Rule 302(c)(19). The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. E.D. Cal. Local Rule 230. On review of plaintiffs' motion, THE COURT FINDS AS FOLLOWS:

FACTUAL ALLEGATIONS[1]

On review of the complaint, the undersigned finds that the nature of plaintiffs' claim is

---

[1] Although plaintiffs assert a few additional facts in their motion for default judgment, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

1

unclear. The complaint asserts only that plaintiffs, Ahmed T. Rhuma and Sam J. Duval (formerly known as Adel A. Rhoma), are bringing suit against the State of Libya under the "Sovereign Immunization Act of 1976" and seek $190,000,000.00 in damages for defendant's unspecified conduct that injured plaintiffs in an unspecified manner.

Attached to the complaint are numerous exhibits that, unfortunately, do not clarify the nature of plaintiffs' claim as some are written entirely in Arabic and others are submitted with no explanation of context. One document, titled "The Contract of Establishing Corporate," appears to be a contract entered into on November 4, 1968 for the establishment of a company named The National Industrial Company for Minerals. ECF No. 1 at 8-11. Each of the partners listed on the contract – Taher Ragab Rhuma, Abdul Wahed R. Rhuma, Mohamed Bashir El-Ferghani, Khalil Omar El Ghusabi, Ali El-Ghabou, and Mohamed Ali El-Fitouri – owned approximately 16.66% of the shares of the corporation.

PROCEDURAL BACKGROUND

Plaintiffs, appearing in pro per, initiated this action on November 4, 2013 after paying the filing fee in full and are proceeding on the original complaint. Two Returns of Service filed on January 21, 2014 reveal that the Libyan Embassy, located at 2600 Virginia Avenue, SW, Suite 705, Washington D.C. 20037, was personally served on November 18, 2013 on behalf of each plaintiff. ECF Nos. 5-6. Also on January 21, 2014, plaintiffs requested entry of default against the State of Libya, and default was entered by the Clerk of Court on February 3, 2014. ECF Nos. 7, 11. On February 4, 2014, plaintiffs moved for default judgment in a single-paragraph motion that did not cite any case law or address any of the factors that the court must consider on a motion for default judgment. ECF No. 13. Accordingly, the undersigned issued findings and recommendations on February 28, 2014 recommending that the motion for default judgment be denied without prejudice. During the pendency of the findings and recommendations, plaintiffs filed a second application for default judgment, which is now pending before the court.

ANALYSIS

A.    <u>Sufficiency of the Complaint</u>

Whether to grant a default judgment is within the sound discretion of the district court.

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Among the factors to be considered before entry of a default judgment is the sufficiency of the complaint.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering plaintiffs' second motion for default judgment, the court has reviewed the complaint and finds that entry of default judgment is not warranted because the complaint fails to state a claim against the defendant upon which relief may be granted.

The governing Supreme Court cases, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 566 U.S. 662 (2009), set forth a "plausibility" standard which a complaint must meet to sufficiently state a claim.  While not a probability requirement, Twombly and Iqbal's plausibility standard requires a complaint to contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 550 U.S. at 678.  Rather than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 555 and 570.  After Twombly and Iqbal, a complaint cannot simply allege the plaintiff's entitlement to relief; rather, it has to demonstrate the plausibility of any claimed entitlement with relevant facts.  In assessing the plausibility of a claim to relief, well-pleaded factual content is accepted as true, while legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth.  Iqbal, 566 U.S. at 678.

While Twombly and Iqbal both considered the sufficiency of a complaint in the context of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), they are controlling for purposes of a default judgment as well.  "Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (a defendant does not admit facts that are not well-pleaded or conclusions of law); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (claims which are not well-pleaded are not binding and cannot support a default judgment).  After

3

Twombly and Iqbal, a complaint that raises only conceivable claims, rather than plausible ones, cannot support a default judgment.

Here, plaintiffs' complaint alleges only that the State of Libya harmed them in some unspecified manner and caused damages in the amount of $190,000,000.00. These threadbare allegations fall far short of pleading standard articulated in Twombly and Iqbal. There are simply no facts that would inform the court or the defendant of any allegedly wrongful conduct. The complaint fails even to assert a formulaic recitation of the elements of a cause of action. The court, therefore, finds that the operative complaint fails to state a valid claim of action against the defendant.[2] A default judgment is not warranted in this matter.

    2.      Lack of Proper Service

Plaintiffs have also failed to properly serve the State of Libya. It is fundamental that before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987), superseded by statute on other grounds, Futures Trading Practices Act of 1992, Pub. L. No. 102-546, § 211, 106 Stat. 3590, 3607–08 (1992); see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (stating that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly" under Federal Rule of Civil Procedure 4, which requires service of summons and complaint)).

Because default judgments generally are disfavored, courts have required "strict compliance with the legal prerequisites establishing the court's power to render the judgment." Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino, 09-cv-1589 CW DMR, 2010 WL 2219595, at *2-3 (N.D. Cal. 2010) (quoting Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1369 (11th Cir. 1982)). Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, "it is inappropriate

---

[2] Plaintiffs may remedy this problem by filing an amended complaint that meets the pleading standard set forth in Twombly and Iqbal. In doing so, plaintiffs must also re-serve the amended complaint on defendant because, once filed, the amended complaint supersedes the original complaint.

to conclude that the defendant 'has failed to plead or otherwise defend'" under Federal Rule of Civil Procedure 55(a). Id. (citing Downing v. Wanchek, 2:07-cv-1599 JAM EFB, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009) (unpublished) (quoting Federal Rule of Civil Procedure 55(a))).

Pursuant to Federal Rule of Civil Procedure 4(j), a foreign state must be served in accordance with 28 U.S.C. § 1608. The reference to Section 1608 of the Judicial Code incorporates the specific modes of service provided for in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330, et seq., which is "the exclusive source of subject matter jurisdiction over all suits involving foreign states or their instrumentalities." Gupta v. Thai Airways Int'l, Ltd., 487 F.3d 759, 763 (9th Cir. 2007) (citation and quotation omitted); 28 U.S.C. § 1603(a). Section 1608(a) provides that service upon a foreign state shall be made in one of the four following manners:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).

Here, there is no evidence that plaintiffs and the State of Libya have a special arrangement

for service, 28 U.S.C. § 1608(a)(1); that the appropriate service documents were properly mailed to head of the ministry of foreign affairs for the State of Libya, id. § 1608(a)(3); or that the appropriate service documents were properly mailed to the Secretary of State in Washington, D.C. for service through diplomatic channels, id. §1608(a)(4).  Thus, service will only be deemed proper if plaintiffs delivered a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents.  The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters typically provides necessary guidance on international service of process, including service on a foreign sovereign defendant, but the State of Libya is not a contracting party.  See Hague Conf. on Private Int'l Law, http://www.hcch.net/index_en.php?act=conventions.status&cid=17; Sabbithi v. Al Saleh, 623 F. Supp. 2d 93, 98 n.4 (D.D.C. 2009).  Additionally, personal service on a foreign state's embassy fails to comply with Section 1608(a).  See, e.g., BPA Intern., Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 84 (D.D.C. 2003) (personal service on Embassy of Sweden was insufficient under 28 U.S.C. § 1608(a)); Ibiza Business Ltd. v. U.S., 2010 WL 2788169, at *2 (D.D.C. 2010) (personal service on Brazilian Embassy was insufficient pursuant to 28 U.S.C. § 1608(a)).  Because a foreign state "must be served in accordance with 28 U.S.C. § 1608," Fed. R. Civ. P. 4(j)(1), and because there is no evidence that the State of Libya was served in accordance with that statute, the court finds that plaintiffs have failed to properly serve this defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 30, 2014 hearing on plaintiffs' motion for default judgment is vacated;
2. Plaintiffs' February 4, 2014 motion for default judgment (ECF No. 13) is denied as moot;
3. The undersigned's February 28, 2014 findings and recommendations (ECF No. 14) are vacated; and

IT IS HEREBY RECOMMENDED that plaintiffs' March 12, 2014 application for default judgment (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
2  after being served with these findings and recommendations, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
5  objections shall be served and filed within fourteen days after service of the objections.  The
6  parties are advised that failure to file objections within the specified time may waive the right to
7  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8  DATED: April 23, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE