1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AHMED T. RHUMA, ET AL.,                 No.  2:13-cv-2286 LKK AC PS

12              Plaintiffs,

13       v.                                  ORDER

14   STATE OF LIBYA,

15              Defendant.

16

17        Plaintiffs, proceeding pro se, have filed a request to seal documents pursuant to Local

18   Rule 141.  Essentially, plaintiff seeks a blanket sealing order because of the nature of various

19   documents that are anticipated to be filed in this case that may include, inter alia, date of birth,

20   proof of citizenship, and death certificate(s).

21        Local Rule 141(a) states that "[d]ocuments may be sealed only by written order of the

22   Court, upon the showing required by applicable law."  A court order is required for each sealing

23   request.  "To ensure that documents are properly sealed, specific requests to seal must be made

24   even if an existing protective order, statute, or rule requires or permits the sealing of the

25   document."  E.D. Local Rule 141(a).

26        Local Rule 141(b) sets forth the procedure for seeking to file documents under seal and

27   states in pertinent part:

28             [T]he 'Notice of Request to Seal Documents shall be filed

1

1
2
3
4

electronically. . . . The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and the documents were served on all other parties.

5   Rule 141(b) further requires that "[t]he 'Request to Seal Documents' shall set forth the statutory

6   or other authority for sealing, the requested duration, the identity, by name or category, of persons

7   permitted access to the documents, and all other relevant information."  In light of these

8   requirements, the court finds that plaintiffs' request that the Clerk of the Court file documents

9   under seal without a further court order is procedurally improper and does not comply with the

10   requirements of Local Rule 141.

11       The court also finds that plaintiffs' request is grossly overbroad.  Every court has

12   supervisory power over its own records and files, and may provide access to court documents at

13   its discretion.  See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing Nixon v.

14   Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).  In the Ninth Circuit, there is a strong

15   presumption in favor of access to court records.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331

16   F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court

17   records).  However, "access to judicial records is not absolute."  Kamakana v. City & Cnty. of

18   Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In determining what standard to apply to

19   requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions.

20   Id. at 1180.

21       To seal documents filed with a dispositive motion, a party "must meet the high threshold

22   of showing that 'compelling reasons' support secrecy."  Kamakana, 447 F.3d at 1178.  That is,

23   the party requesting to seal "must articulate[ ] compelling reasons supported by specific factual

24   findings . . . that outweigh . . . public interest in understanding the judicial process."  Id. at 1178-

25   79 (internal citation and quotation marks omitted).  "In general, 'compelling reasons' sufficient to

26   outweigh the public's interest in disclosure and justify sealing court records exist when such

27   'court files might become a vehicle for improper purposes,' such as the use of records to gratify

28   private spite, promote public scandal, circulate libelous statements, or release trade secrets."  Id.

1   at 1179 (quoting <u>Nixon v. Warner Communs., Inc.</u>, 435 U.S. 589, 589 (1978)).

2          On the other hand, a party requesting to seal a document filed with a nondispositive

3   motion needs only to demonstrate "good cause." <u>Kamakana</u>, 447 F.3d at 1180.  This is because

4   the public's interest in non-dispositive materials is weaker than its interest in dispositive

5   materials. <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010).  To satisfy the

6   "good cause" standard, "the party seeking protection bears the burden of showing specific

7   prejudice or harm will result . . ." if the request to seal is denied.  <u>Phillips ex rel. Estates of Byrd</u>

8   <u>v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm,

9   unsubstantiated by specific examples or articulated reasoning" are insufficient.  <u>Beckman Indus.,</u>

10  <u>Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992) (quoting <u>Cipollone v. Liggett Grp., Inc.,</u>

11  785 F.2d 1108, 1121 (3d Cir. 1986)).

12         The court need not address the question what standard to apply to a blanket sealing

13  request because the court finds plaintiff cannot meet the "good cause" requirement, which is a

14  lower standard than the "compelling reasons" standard for dispositive motions.  While the court is

15  aware of plaintiff's privacy concerns, plaintiff has not shown good cause why all (or even the vast

16  majority) of the documents anticipated to be filed in this case should be sealed instead of simply

17  redacted on a document-by-document basis.   Indeed, Local Rule 140(a) specifically requires

18  redaction of certain confidential information in publically filed documents.  The parties'

19  compliance with Local Rule 140(a) will adequately protect the privacy interests asserted in the

20  motion to seal.

21         Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to seal (ECF No. 4) is

22  denied.

23  DATED: May 16, 2014

24

25  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

26

27

28

                                        3